IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RONALD J. LEHN DECLARATION OF TRUST JULY 25, 2002 MARY BETH PONSETTI, Successor Trustee, <br><br> Plaintiff, <br> v. <br><br> GE PENSION PLAN, GE SAVINGS AND SECURITY PROGRAM, and THE ESTATE OF LISA LEHN, Delia Garcia, guardian, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No.: 07-cv-1180 ) ) ) ) ) ) ) ) |

## DEFENDANTS THE PLANS' ANSWER AND ADDITIONAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S <u>FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT</u>

Defendants, GE Pension Plan and GE Savings and Security Program (the "Plans"), by and through their attorneys, Seyfarth Shaw LLP, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, submit the following answer and additional defenses:

1.     Mary Beth Ponsetti is the successor trustee of the Ronald J. Lehn Declaration of Trust, dated July 25, 2002, attached hereto as **Exhibit A.**

<u>ANSWER:</u> Defendants admit that a purported copy of the Ronald J. Lehn Declaration of Trust, dated July 25, 2002 (the "Trust"), is attached as Exhibit A to the Amended Complaint and that it states that Mary Beth Ponsetti is the successor trustee of the Trust. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph No. 1 of the Amended Complaint.

2.     Ronald J. Lehn is deceased, having died on November 8, 2005.

CH1 11263680.6

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in paragraph No. 2 of the Amended Complaint.

3. At the time of his death, Ronald J. Lehn was married to Lisa Lehn, who is now adjudged a disabled adult by this court pursuant to a court order dated March 21, 2006, in Bureau County Case 06-P-21 wherein Delia Garcia was appointed the guardian of the person and estate of Lisa Lehn.

**ANSWER:** With the exception of the date of the court order, upon information and belief, Defendants admit the allegations contained in paragraph No. 3 of the Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning the date of the court order.

4. Lisa Lehn is age 45 and suffers from multiple sclerosis.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Lisa Lehn's age. Upon information and belief, Defendants admit that Lisa Lehn suffers from multiple sclerosis.

5. On March 7, 2005, Lisa Lehn and the decedent, Ronald Lehn, executed the attached **Exhibit B** which is the GE Benefits Plan Beneficiary Designation placing the ownership of the GE Benefits Plan in the name of Ronald J. Lehn Declaration of Trust.

**ANSWER:** Defendants admit that a purported copy of GE Benefits Plan Beneficiary Designation is attached as Exhibit B to the Amended Complaint. Defendants further admit that Exhibit B contains the signature of Ronald Lehn with the date of March 7, 2005 and that it attempts to name the Trust as the beneficiary of the Plans. Defendants deny that the Beneficiary Designation was effective in designating the Trust as the beneficiary of the Plans and further deny the remaining allegations contained in paragraph No. 5 of the Amended Complaint.

6. On April 6, 2005, Lisa Lehn executed the attached Spouse's Consent to Waive Rights to Benefits and [the] same was witnessed by Karen Riveland, as per the attached **Exhibit C.**

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning whether Lisa Lehn executed the attached Spouse's Consent to Waive Rights to Benefits. Defendants deny that Lisa Lehn's signature was witnessed by Karen Riveland. Defendants further deny the remaining allegations contained in paragraph No. 6 of the Amended Complaint.

7. There has been a demand by the Successor Trustee, Mary Beth Ponsetti, unto General Electric Company, by and through its agent, GE Benefits Plan, for payment of the GE Benefits Plan unto the Trust stated herein, but there has been no payment received as of the date of this filing.

**ANSWER:** Defendants admit that Mary Beth Ponsetti completed a distribution election form requesting that the Plans' benefits be distributed to the Trust on January 12, 2006, and that Plaintiff on January 24, 2006 made a request for benefits. Defendants further admit that no payment was made from the Plans to the Trust. Defendants deny the remaining allegations contained in paragraph No. 7 of the Amended Complaint.

8. General Electric Company is without cause or justification for failing to deliver the said Benefits Plan unto the Trustee and should be taxed Plaintiff's attorney's fees for filing this action to enforce the terms of the March 7, 2005 designation.

**ANSWER:** Defendants deny the allegations contained in paragraph No. 8 of the Amended Complaint.

**WHEREFORE**, and for all the foregoing reasons, Defendants, THE GE PENSION PLAN and THE GE SAVINGS AND SECURITY PROGRAM, respectfully pray for the entry of an order of judgment in Defendants the Plans' favor and against the Plaintiff, for court costs, and for any and all additional relief the Court deems just and appropriate.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Subject to and without waiver of the denials contained in their Answer, Defendants, the Plans, state as follows as their Additional and Affirmative Defenses in this cause:

1. The Ronald J. Lehn Declaration of Trust July 25, 2002 is not a valid beneficiary of the GE Pension Plan or the GE Savings and Security Program because the spousal benefit waiver was not properly executed as required under ERISA § 205, 29 U.S.C. § 1055 (c)(2)(A), and the terms of the Plans.

2. The Ronald J. Lehn Declaration of Trust July 25, 2002 is not a valid beneficiary of the GE Pension Plan or the GE Savings and Security Program because Lisa Lehn was incompetent to sign the waiver.

3. If the Ronald J. Lehn Declaration of Trust July 25, 2002 is found to be the proper beneficiary then the amount payable under the Trust to Lisa Lehn should be deducted from the amount allegedly due under the Plans so as to prevent double recovery. Any claim for the entire amount fails under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as plaintiffs do not seek "appropriate equitable relief."

4. Plaintiff waived its claim to benefits under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), when it admitted on March 20, 2007 that the Plan beneficiary designation to the Ronald Lehn Trust was not legally sufficient.

5. Plaintiff's Amended Complaint should be dismissed because it failed to exhaust all administrative remedies.

DATED: July 12, 2007

Respectfully submitted,

**GE PENSION PLAN and GE SAVINGS AND SECURITY PROGRAM**

By: _s/ Ian H. Morrison_____
   **One of their Attorneys**

Ian H. Morrison
Richard B. Lapp
Barbara H. Borowski
SEYFARTH SHAW LLP
131 South Dearborn St.
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Fredric S. Singerman
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.,
Suite 500
Washington, DC  20006-4004
(202) 463-2400

5

CH1 11263680.6

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused a true and correct copy of the foregoing ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT to be served upon:

| | |
|---|---|
| Melissa K. Sims | Raymond R. Nolasco |
| WIMBISCUS LAW FIRM | ATTORNEY AT LAW |
| 102 E. St. Paul Street | 3815 Progress Blvd. |
| Spring Valley, IL 61362 | Suite A |
| (815) 664-4151 | Peru, IL 61354 |
| | (815) 224-8157 |

via first-class U.S. Mail, postage pre-paid, this 12th day of July, 2007.

_s/ Ian H. Morrison_
One of the Attorneys for Defendants,
GE Pension Plan and
GE Savings and Security Program

Ian H. Morrison
Richard B. Lapp
Barbara H. Borowski
SEYFARTH SHAW LLP
131 South Dearborn St.
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

Fredric S. Singerman
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.,
Suite 500
Washington, DC 20006-4004
(202) 463-2400