UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Ronald J. Lehn Declaration of Trust, Mary Beth Ponsetti, Trustee,<br>       Plaintiff<br><br>   v.<br><br>GE Pension Plan; GE Savings and Security Program; General Electric Company; The Estate of Lisa Lehn, Delia Garcia (guardian); and Karen Riveland,<br>       Defendants | Case No. 07-1180 |

**OPINION and ORDER**

Now before the Court is the threshold question of the proper standard of review for evaluation of the Defendants' decision to pay benefits to the Estate of Lisa Lehn. Also before the Court is the related question of whether, and if so, the extent to which discovery will be permitted. The parties have fully briefed these questions.

**FACTS**

The following facts are taken from the complaint, unless otherwise noted. They are presumed true at this stage of the proceedings.

Ronald Lehn was employed by GE and was a beneficiary of the GE Pension Plan and the GE Savings and Security Program; GE and the two benefit funds are referred to herein jointly as the Plan unless otherwise noted.. Ronald was married to Lisa Lehn at all pertinent times. Lisa Lehn, age 45, suffers from multiple sclerosis, and on March 21, 2006 was adjudged a disabled adult; she is represented in this litigation by Delia Garcia, the court appointed guardian of her person and her estate.

On March 7, 2005, Lisa and Ronald executed a GE Benefits Plans Beneficiary Designation, placing ownership of his benefits in the name of the Ronald J. Lehn Declaration of Trust. On April 6, 2005, Lisa Lehn executed a Spouse's Consent to Waive Rights to Benefits (hereinafter "Consent form"); the Consent form was notarized by Karen Riveland.

Ronald Lehn died on November 8, 2005. The Plaintiff, Trustee of the Ronald J. Lehn Declaration of Trust, made a claim to the Plan for payment of Ronald's benefits into the Trust. The Plan did not pay that claim, and on October 19, 2006, the Trustee of the Ronald J. Lehn Declaration of Trust then filed[1] this litigation, stating claims against the Pension Plan, the Savings Program and the Employer for violation of ERISA; against the notary for violation of the state regulatory laws governing notaries; and against the guardian of Lisa Lehn's estate.

According to various documents that the parties have filed after the complaint, the denial of benefits was based on the Plan's conclusion that Lisa Lehn had not been personally present at the time her signature on the Consent form was notarized. Deeming the Consent to be insufficient to waive spousal rights, the Plan paid the benefits to Lisa Lehn's estate. It is alleged that the Plan provided no notice or explanation or other response to the Trust's claim.

The GE Pension Plan provides as follows:

> Any determination, decision or action of any Named Fiduciary or other entity having powers, duties, obligations and responsibilities with respect to the Plan concerning or with respect to any question arising out of or in connection with the construction, interpretation, administration and application of the Plan and of its rules and regulations, shall lie within the absolute discretion of such Named Fiduciary or other entity and shall be final, conclusive and binding upon all participating employees and any and all persons claiming under or through any participating Employees.

---

[1] The complaint was filed in the Circuit Court for Bureau Count, Illinois; defendant GE was not served until June of 2007. Defendants removed the case to this Court on July 6, 2007.

Doc. #31, Exh. B, § XX, p. 95-96.

The GE Savings and Security Program contains the following provision:

Any determination, decision or action of any Named Fiduciary or other entity having powers, duties, obligations and responsibilities with respect to the Program concerning or with respect to any question arising out of or in connection with the construction, interpretation, administration and application of the Program and of its rules and regulations, shall lie with the absolute discretion of such Named Fiduciary or other entity and shall be final, conclusive and binding upon all Participants and Holders of Mutual Funds Units and Income Funds Units ("Holders") and any and all persons claiming under or through any Participant or Holder.

Doc. #31, Exhibit A, § XIV, p. 38.

## STANDARD OF REVIEW

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), the Supreme Court explained that *de novo* review of an ERISA plan administrator's determination to deny benefits is the rule "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 115.  See, Militello v, Central States, Southeast and Southwest Areas Pension Fund, 360 F.3d 681, 684 (7th Cir. 2004).  Where such discretion has been delegated to the plan administrator, the scope of review is governed by the arbitrary and capricious standard.  Hess v. Reg-Ellen Machine Tool Corp., 423 F.3d 653, 658 (7th Cir. 2005).  Under this "least demanding form of judicial review", see Olander v. Bucyrus-Erie Co., 187 F.3d 599, 607 (7th Cir. 1999), a court limits its review to the administrative record and will not set aside a denial of benefits based on "any reasonable interpretation of the plan." Hess, 423 F.3d at 658; Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 980 (7th Cir. 1999).

This standard - arbitrary and capricious[2] - gives "great deference" to the plan administrator's interpretation, and the interpretation will not be overturned unless the decision was "downright unreasonable." Dabertin v. HCR Manor Care, Inc., 373 F.3d 822, 828 (7th Cir. 2004). The denial should not be reversed even if another reasonable but different interpretation was possible. Krawczyk v. Harnischfeger Corp., 41 F.3d 276, 279 (7th Cir. 1994).

"But even review under this most deferential standard does not amount to a rubber stamp. The [plan] must articulate a rational connection between the facts found, the issue to be decided, and the choice made." Id. "Deferential review is not no review; deference need not be abject." Gallo v. Amoco Corp., 102 F.3d 918, 922 (7th Cir. 1996), quoted in Hackett v. Xerox Corp. Long Term Disability Income Plan, 315 F.3d 771, 774 (7th Cir. 2003).

The determination of whether a plan grants its administrator discretion, thereby limiting judicial review of the administrator's decision, is based on the language of the plan. In Herzberger v. Standard Ins. Co., 205 F.3d 327, 329 (7th Cir. 2000), the Court approved "safe harbor" language which, if it appears in a plan document, will entitle the plan administrator to deferential review: "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." This is not magic language, and its absence from the plan documents does not compel the reverse conclusion, but if the language differs, it must *compel* the conclusion that the administrator has appropriate discretion, and it must do so in a way that provides notice of that discretion to the plan member. Id. See, Perugini-Christen v. Homestead Mortgage Co., 287

---

[2]In the Seventh Circuit, deferential review is interchangeably entitled "arbitrary and capricious" and "abuse of discretion. Regardless of title, these two standards are substantially equivalent, being merely distinctions without difference. See, Gallo v. Amoco Corp., 102 F.3d 918, 921 (7th Cir. 1996), and are used interchangeably. Olander v. Bucyrus-Erie Co., 187 F.3d 599, 607 (7th Cir. 1999).

F.3d 624, 626 (7th Cir. 2002)("plan should clearly and unequivocally state that it grants discretionary authority to the administrator."). The key question is whether language of the Plan "gives an employee adequate notice that the plan administrator is to make a judgment within the confines of pre-set standards, or if it has the latitude to shape the application, interpretation, and content of the rules in each case." Diaz v. Prudential Ins. Co. Of America, 424 F.3d 635, 639 (7th Cir. 2005).

In Militello v. Central States, Southeast and Southwest Areas Pension Fund, 360 F.3d 681 (7th Cir. 2004), the Court considered a plan document that contained "numerous references to the Trustees' broad discretion. The specific example quoted by the Court of Appeals reads as follows: "Trustees are vested with discretionary and final authority in making all plan-related decisions, including Trustee decisions upon claims for benefits by participants ... and including Trustee decisions construing plan documents." The Court held that this language "confers substantially the same discretion as the safe harbor language and hence sufficient to trigger deferential review. Id. at 685-86.

It would be difficult to find language that more clearly notified participants and beneficiaries that any judicial review of Plan decisions would be limited in scope. The Plan administrator's decision is entitled to deferential review and will not be reversed unless there is a finding that the decision was an abuse of the discretion accorded to the administrator.

The parties make many additional arguments, most of which go to the merits of the case and not to determination of the appropriate standard of review. Because this Order is limited to that single issue, it is not necessary to consider those arguments at this time.

There is one additional argument that must be considered, however. Plaintiff argues that, even if deferential review is the standard, some discovery is warranted, despite the general rule that

deferential review is limited to the record before the Plan when the decision to deny benefits was made.

The record in this case consists, according to Plaintiff, solely of the Designation of Beneficiary form and the Spousal Consent; the Dec. 6, 2006 letter stating that the notary did not notarize the Spousal consent in the presence of Lisa Lehn; the October 29, 2007 documentation of the benefits paid to the Estate of the surviving spouse; and the GE Plans. Unlike the ordinary ERISA case, there is no written decision denying the Plaintiff's claim for benefits, nor is there any documentation that the decision was ever conveyed to Plaintiffs or reviewed by the Plan. Plaintiff claims to be entitled to discovery on those issues because the Record is incomplete.

Where a plan grants broad discretion, as does the one now before the Court, discovery is generally not permitted. Vallone v. CNA Fin.Corp., 375 F.3d 623, 629 (7th Cir. 2004); Patton v. MFS/Sun Life Financial Distr., Inc., 480 F.3d 478, 489 n.7 (7th Cir. 2007), although it may be allowed as to certain limited subjects. See, Semien v. Life Ins. Co. of N.Am., 436 F.3d 805, 812-16 (7th Cir. 2006).

Plaintiff's reliance on Patton is misplaced, for that case was a *de novo* review. In Semien, the Court clearly stated that where both parties present evidence supporting contradictory conclusions, under deferential review, "neither this Court, nor the district court, will attempt to make a determination between competing expert opinions...Raising debatable points does not entitle the claimant to a reversal under the arbitrary and capricious standard." 436 F.3d at 812.

The Semien Court went on to consider whether discovery should have been allowed because the record was incomplete. Quoting Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan, 195 F.3d 975, 982 (7th Cir. 2000), the Semien Court held that "when there can be

no doubt that the application was given a genuine evaluation, judicial review is limited to the evidence that was submitted in support of the application for benefits, and the mental processes of the plan's administrator are not legitimate grounds of inquiry..." In Patton, the Court made clear that the most central factor relevant to whether discovery should be permitted is whether the record before it is sufficient for the Court "to make an informed evaluation of the parties claims and defenses." 480 F.3d at 490.

In the case before this Court, I find that there are significant questions about the Plan's decision, and further that those questions prevent the Court from performing the requisite review. First, the decision and the basis for it are not in the record. The only documentation I was able to find was a copy of the Beneficiary Designation and a copy of the Spousal consent. There is not a copy of the decision, although the parties reference a letter from GE in their briefs. And while the briefs state that the Plan based its decision that the notarization was not proper on a conversation with that notary, the notary is admittedly an employee of GE. Plaintiff has had no opportunity to evaluate the notary's credibility or the possibility of bias, given that the notary was apparently a GE employee (another "fact" that is discussed only in the briefs). This very sketchy record provides no meaningful opportunity for any judicial review, not even deferential review.

I therefore conclude that meaningful review, even though deferential, is not possible given the current state of the record. Discovery may take place as follows. Plaintiff may inquire into the circumstances surrounding GE's conversation with the notary and what led GE to question what appears on its face to be a valid notarization. Plaintiff may also obtain copies of any and all documents used by the Plan in making this decision, and may inquire about any factual matters raised by those documents. Nothing in this Order is to be construed as an indication of my position

on the merits of this case; the ruling simply notes that there are issues which I believe Plaintiff has the right to explore.

This case is set for a Rule 16 conference on Thursday, May 1, 2008 at 10:00 a.m. by telephone; the Court will place the call. An agreed Report of Planning Meeting, including a timetable for the discovery permitted by this Order and a date for the filing cross motions for summary judgment, shall be filed on or before April 29, 2008, or the conference will be in person.

ENTERED ON  April 2, 2008
s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE