UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD J. LEHN, Declaration of Trust July 25, 2002, MARY BETH PONSETTI, Successor Trustee,<br><br>          Plaintiffs,<br><br>     v.<br><br>GE PENSION PLAN, GE SAVINGS AND SECURITY PROGRAM, GENERAL ELECTRIC COMPANY, and THE ESTATE OF LISA LEHN, DELIA GARCIA, Guardian, and KAREN RIVELAND,<br><br>          Defendants. | Case No. 07-1180 |

## O R D E R

This matter is now before the Court on Motions to Dismiss by GE Pension Plan, GE Savings and Security Program, General Electric Company (hereinafter referred to collectively as the "GE Defendants"), the Estate of Lisa Lehn, Delia Garcia ("Garcia"), and Karen Riveland ("Riveland"). For the reasons set forth below, the GE Defendants' Motion to Dismiss [#30] is GRANTED IN PART and DENIED IN PART. The Motion to Dismiss by the Estate of Lisa Lehn and Garcia [#24] is GRANTED, and Riveland's Motion to Dismiss [#47] is GRANTED. Given the rulings contained in the Motions to Dismiss, the Motion to Strike [#49] is effectively MOOT.

### BACKGROUND

Defendants GE Pension Plan and GE Savings and Security Program (the "Plan") is a benefit plan organized under the Employee Retirement Income Security Act of

1974, 29 U.S.C. § 1002(2).[1]  Defendant General Electric Company ("GE") operates a facility in Peru, Illinois.

Decedent, Ronald J. Lehn ("Lehn"), was employed by GE at the Peru facility. Lehn had two children from a prior marriage, Samuel Lehn ("Samuel") and Sarah Lehn ("Sarah").  At the time of his death, he was married to Lisa Lehn.

Lehn's retirement account with the GE Plan exceeded $1 million.  Given his desire to make certain bequests upon his death, he hired an attorney and engaged in estate planning.  On July 25, 2002, Lehn signed a Declaration of Trust to implement his estate plan.  Following payment of expenses and taxes, the Trust directed the trustee to pay 40% of the principal to his spouse, Lisa Lehn, 25% of the principal to Samuel, 25% of the principal to Sarah, and 10% of the principal to his siblings and parents.

Lehn then contacted employees at GE to obtain a beneficiary designation form. He presented a signed Designation of Beneficiary form to GE employees designating the trustee under the Declaration of Trust dated July 25, 2002, as the recipient of 100% of his benefits under the Plan.   Lehn was advised that it was necessary for he and his spouse to obtain and present their notarized signatures on a Consent Form confirming the Waiver of Rights to Benefits to be paid to the Trustee under the Designation of Beneficiary form.

Lehn died on November 8, 2005.  The trustee under the Trust made a request for payment of benefits due under the Plan.  The Plan refused to pay the benefits to the trustee because Karen Riveland, the GE employee who notarized the signatures of the

---

[1] Unless otherwise noted, the factual assertions are derived from the Amended Complaint in this matter.

2

Lehns on the Consent Form, indicated that Lisa Lehn had not signed the form in her presence.  On October 29, 2007, the $1,118,283.39 in Lehn's GE Savings & Security Program account was paid to the Estate of Lisa Lehn, who had been adjudicated disabled.  Garcia, the Guardian of the Estate of Lisa Lehn, has demanded that the amounts in Lehn's GE Pension Plan account also be paid to the Estate of Lisa Lehn.

The Trustee brought this action seeking to recover the amount of benefits allegedly due to the Trust under Lehn's Beneficiary Designation form.  The Trustee further asserts state law claims against GE and Riveland under the Illinois Notary Public Act.  Defendants have moved to dismiss this action.  The motions are fully briefed, and this Order follows.

## LEGAL STANDARD

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief.  See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v.

Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

## DISCUSSION

I.   GE Defendants' Motion to Dismiss

The GE Defendants have moved to dismiss the Complaint on several grounds. Each argument will be addressed in turn.

   A.   Section 502(A)(1)(b)

The GE Defendants first argue that Plaintiff has not stated a claim for relief under § 502(A)(1)(b) of ERISA as a matter of law because under the terms of the Plan, payment was required to be made to the Lehn's spouse. ERISA vests a surviving spouse with rights to her spouse's benefits in the event of his death. 29 U.S.C. § 1055. Under 29 U.S.C. § 1055(c)(2), these rights can be waived only if the spouse acknowledges her consent to a different beneficiary and the effect of such election in writing and this written acknowledgment "is witnessed by a plan representative or a notary public." The Plans at issue in this case mirror the requirements of § 1055, requiring that such an acknowledgment be witnessed by an authorized representative of the Company or a notary public. It is undisputed that the acknowledgment in this case was not signed by Lisa Lehn in the presence of a company representative or notary public.

In Butler v. Encyclopedia Brittanica, Inc., 41 F.3d 285 (7th Cir. 1994), the Seventh Circuit addressed a situation very similar to the one before this Court. In Butler, the spouse did not dispute that the consent form he signed acknowledged the effect of his

waiver, but he contended that the consent form was invalid because he did not sign it in the physical presence of a plan representative or notary public.  Id., at 293.  The Seventh Circuit acknowledged the "considerable appeal" of the argument, "given the usual dictionary definition of the word 'witness' as meaning '[t]o see or observe.  To act as an observer for the purpose of attesting."  Id.  The opinion went on to note:

> Arguably, compliance with ERISA's literal language in this case would lead to the absurd result of invalidating a spousal consent form that Anthony Cotini admits that he signed but now attempts to disavow on the technicality that he did not sign it in the physical presence of the notary.

Id., at 294.  However, the Court of Appeals did not reach the issue of whether signature in the physical presence of the notary was required because the spouse lacked sufficient evidence to prove that the form was not properly witnessed.  Id.

In light of the decision in Butler, the applicable standard of review, and the Magistrate Judge's conclusion that the state of the record does not permit any type of meaningful review, the Court concludes that the resolution of the § 502(a)(3) claim must be resolved on a more complete factual record following the limited discovery authorized in this case.  Accordingly, this portion of the GE Defendants' Motion to Dismiss must be denied at this time.

    B.    Fiduciary Duty Claim

The GE Defendants next argue that Plaintiff's claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(1)(B) must be dismissed as the Complaint does not identify any GE Defendant as a "fiduciary" who breached its duties under ERISA and asserts the claim only against the Plans.  Plaintiff concedes that the breach of fiduciary duty claim asserted against the Plans should be dismissed, as any remaining claim regarding

GE, the Plan Administrator, is encompassed within her § 502(A)(1)(b) claim. Accordingly, this portion of the Motion to Dismiss is granted.

    C.    State Law Claims

The GE Defendants next contend that Plaintiff's state law claims are preempted by ERISA based on the fact that ERISA expressly preempts any state law claims to the extent that such law relates to an ERISA plan or would provide an "alternative remedy to those provided by ERISA." 29 U.S.C. § 1144(a); <u>Aetna Health Inc. V. Davila</u>, 542 U.S. 200, 214 (2004). As the state law claims asserted in this case are based on the same conduct and seek the same relief as the ERISA claims, that is the payment of Lehn's benefits under the Plans, the GE Defendants argue that such claims are preempted.

Plaintiff responds that a finding of preemption cannot be made without a determination of the notary, Karen Riveland's, status. That is, Plaintiff maintains that this issue requires a factual determination that Riveland was an employee of GE. However, paragraph 7 of the Amended Complaint clearly asserts that Defendant, Karen Riveland, is a GE employee who works in the Peru, Illinois facility, who is a Notary Public. Given the allegations in the Amended Complaint, which Plaintiff was required to have a good faith basis for including in her pleading, Plaintiff's response does not pass the red face test, and the Motion to Dismiss the state law claims as preempted shall be granted. If Plaintiff has any good faith basis for amending her complaint to allege that Riveland was something other than a GE employee or to seek relief that is not related to the Plans or effectively an alternative remedy to the remedy sought under ERISA, she make seek leave to do so.

D.   Jury Demand

The GE Defendants also argue that Plaintiff's demand for a jury trial must be stricken, as jury trials are not available under ERISA. Plaintiff concedes that trial by jury is not available for her ERISA claims. As the Court has determined that Plaintiff's state law claims are preempted, leaving only her § 502(a)(1)(B) claim under ERISA, the request to strike the jury demand is appropriately granted.

II.   Riveland's Motion to Dismiss

The finding of preemption made in connection with the GE Defendants' Motion applies with equal force to the state law claims asserted against Riveland. Accordingly, Riveland's Motion to Dismiss, which presents the same issues of preemption, is also appropriately granted.

III.   Motion to Dismiss by the Estate of Lisa Lehn and Delia Garcia

The Estate and Garcia, Lisa Lehn's guardian, move to dismiss the amended complaint as no basis for liability, allegation of wrongdoing, or prayer for relief is alleged against either of them. With all due respect, Plaintiff's explanation for why the Estate and Garcia were named parties makes no sense, as her explanations center on the right of the Plans to recover any sums erroneously paid to Lisa Lehn. The state law claims have been found to be preempted. If there is any basis for bringing the Estate and Garcia into this action, such as a claim for restitution in the event that Plaintiff prevails, such a claim does not belong to Plaintiff, but rather to the GE Defendants and should be brought by them as a Third Party Complaint. Accordingly, the Motion to Dismiss by the Estate and Garcia is granted for purposes of their inclusion in the Amended Complaint.

D.   Jury Demand

The GE Defendants also argue that Plaintiff's demand for a jury trial must be stricken, as jury trials are not available under ERISA. Plaintiff concedes that trial by jury is not available for her ERISA claims. As the Court has determined that Plaintiff's state law claims are preempted, leaving only her § 502(a)(1)(B) claim under ERISA, the request to strike the jury demand is appropriately granted.

II.   Riveland's Motion to Dismiss

The finding of preemption made in connection with the GE Defendants' Motion applies with equal force to the state law claims asserted against Riveland. Accordingly, Riveland's Motion to Dismiss, which presents the same issues of preemption, is also appropriately granted.

III.   Motion to Dismiss by the Estate of Lisa Lehn and Delia Garcia

The Estate and Garcia, Lisa Lehn's guardian, move to dismiss the amended complaint as no basis for liability, allegation of wrongdoing, or prayer for relief is alleged against either of them. With all due respect, Plaintiff's explanation for why the Estate and Garcia were named parties makes no sense, as her explanations center on the right of the Plans to recover any sums erroneously paid to Lisa Lehn. The state law claims have been found to be preempted. If there is any basis for bringing the Estate and Garcia into this action, such as a claim for restitution in the event that Plaintiff prevails, such a claim does not belong to Plaintiff, but rather to the GE Defendants and should be brought by them as a Third Party Complaint. Accordingly, the Motion to Dismiss by the Estate and Garcia is granted for purposes of their inclusion in the Amended Complaint.

**CONCLUSION**

For the reasons set forth above, the GE Defendants' Motion to Dismiss [#30] is GRANTED IN PART and DENIED IN PART. The Motion to Dismiss by the Estate of Lisa Lehn and Garcia [#24] is GRANTED, and Riveland's Motion to Dismiss [#47] is GRANTED. Given the rulings contained in the Motions to Dismiss, the Motion to Strike [#49] is effectively MOOT. Defendants Riveland, Garcia, and the Estate of Lisa Lehn are hereby terminated as parties to this litigation.

ENTERED this 31st day of July, 2008.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge